# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 16-1210V
Filed: March 9, 2017

\* \* \* \* \* \* \* \* \* \* \* \* \*    Special Master Sanders
YVETTE A. SUOMALA,        \*

                       \*    Joint Stipulation on Damages;
                       \*    Influenza ("Flu") Vaccine; Bell's palsy.
        Petitioner,      \*

v.                    \*

SECRETARY OF HEALTH      \*
AND HUMAN SERVICES,     \*

        Respondent.     \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner.
Daniel A. Principato, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

      On September 27, 2016, Yvette Suomala ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that as a result of an influenza ("flu") vaccine administered on or about December 18, 2015, she suffered from Bell's palsy.  *See* Stipulation for Award at ¶ ¶ 1-4, filed March 9, 2017.  Petitioner further alleged that she experienced symptoms of this injury for more than six months.  *Id.* at ¶ 4.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program").  Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On March 9, 2017, the parties filed a stipulation in which they state that a decision should be entered awarding compensation to Petitioner.  Respondent denies that the flu vaccine caused Petitioner's alleged Bell's palsy and/or any other injuries, and denies that Petitioner's current disabilities are the result of a vaccine-related injury.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

> **A lump sum of $15,000.00 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

*Id.* at ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation.  Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

YVETTE A. SUOMALA,                )
                                  )
            Petitioner,           )       No. 16-1210V
                                  )       Special Master Sanders
      v.                          )       ECF
                                  )
SECRETARY OF HEALTH AND           )
HUMAN SERVICES                    )
                                  )
            Respondent.           )
                                  )

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner filed a petition for vaccine compensation under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition

seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu")

vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3

(a).

2. Petitioner received the flu vaccination on or about December 18, 2015.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused her to develop Bell's palsy, and that she

experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action

for damages as a result of her condition.

6. Respondent denies that the flu immunization is the cause of petitioner's alleged Bell's

palsy, and/or any other injuries.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

A lump sum of $15,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payment made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payment described in paragraph 8, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does

2

forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccine administered on or about December 18, 2015, as alleged by petitioner in a petition for vaccine compensation filed on or about September 27, 2016, in the United States Court of Federal Claims as petition No. 16-1210V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the

3

nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged Bell's palsy, and/or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

_____
YVETTE A. SUOMALA

**ATTORNEY OF RECORD FOR
PETITIONER:**

_____
NANCY MEYERS
Ward Black Law
208 West Wendover Avenue
Greensboro, NC 27401
Phoenix, AZ 85003
(336) 333-2244

**AUTHORIZED REPRES      TAT
OF THE ATTORNEY G      RAI**

_____
CATHARINE E. REE\
Deputy Director
Torts Branch
Civil Division
U.S. Department of J_  e
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

_____
NARAYAN NAIR, MD
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD F(
RESPONDENT:**

_____
DANIEL A. PRINCIPATO
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
(202) 616-3662

Dated: 3/9/2017

5