# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1210V
Filed: March 15, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | Special Master Sanders |
| YVETTE A. SUOMALA, | * | |
| | * | Attorneys' Fees and Costs; |
| Petitioner, | * | Unopposed; Reasonable Amount |
| | * | Requested. |
| v. | * | |
| | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

Nancy R. Meyers, Ward Black Law, Greensboro, NC, for Petitioner.
Daniel A. Principato, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 27, 2016, Yvette Suomala ("Petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012).[2] Petitioner alleged that an influenza ("flu") vaccine administered on December 18, 2015 caused her to suffer from Bell's palsy. Petition at Preamble, filed Sept. 27, 2016. On March 9, 2017, the undersigned issued a decision awarding compensation to Petitioner pursuant to the parties' joint stipulation. Decision, ECF No. 20.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

On March 14, 2017, Petitioner filed an Unopposed Motion for Attorney's Fees and Costs. Mot. Att'y's Fees, ECF No. 24.  Petitioner requested attorneys' fees in the amount of $5,681.00. *Id.* at 1.  Petitioner requested attorneys' costs in the amount of $1,213.61.  *Id.*  Respondent indicated that he "does not object to the overall amount sought, as it is not an unreasonable amount to have been incurred for proceedings in this case to date."  *Id.*  Respondent also stated that "Respondent's lack of objection to the amount sought in this case should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs."  *Id.*

The undersigned has reviewed Petitioner's counsel's detailed records of time and expenses incurred in this case, and they are reasonable.[3]  In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned finds that Petitioner is entitled to attorneys' fees and costs. **Accordingly, the undersigned hereby awards the amount of $6,894.61,[4] in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Nancy Meyers, of Ward Black Law.**  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

/s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[3] Petitioner's application for fees and costs, although unopposed, relies upon a proposed hourly rate for Petitioner's counsel, Nancy Meyers, who practices in Greensboro, North Carolina. Respondent does not maintain an objection to the amount of fees and costs sought by Petitioner, and I find that the total sum requested is reasonable under the circumstances.  Therefore, I do not reach the question of whether Ms. Meyers is entitled to the forum rate under the test established by the Federal Circuit in *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  This decision does not constitute such a determination.

[4] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).